UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMMY KINNER,

    Plaintiff,

v.                                          Case No. 3:24-cv-445-JEP-MCR

BERNARD REED, et al.,

    Defendants.

## ORDER

Plaintiff Timmy Kinner, an inmate of the Florida Department of Corrections (FDC), initiated this action by filing a pro se Complaint for Violation of Civil Rights (Doc. 1). The Court gave Plaintiff two opportunities to file amended complaints. *See* Docs. 8, 27. He is proceeding on a Second Amended Complaint (SAC; Doc. 40). Plaintiff names the following Defendants: Officer Bernard Reed; FDC Secretary Ricky Dixon; Officer. T. Rulevitch; Officer Tyler Watson; Union Correctional Institution (UCI) Warden; Officer John Doe 1; Officer John Doe 2; and Officer John Doe 3. *See id.* at 2–4.

Plaintiff alleges that on December 9, 2022, Defendant Reed entered his cell, gassed him, and took his property. *See id.* at 7. According to Plaintiff, Defendant Watson arrived at his cell "[d]ays later" and informed him that officers would commit further acts of retaliation. *See id.* Thereafter, on

December 14, 2022, Defendant Watson ordered Defendants Reed, Rulevitch, Doe 1, Doe 2, and Doe 3 to enter Plaintiff's cell; they beat him while he "was face down." *See id.* Plaintiff asserts that he sustained serious injuries from the assault, including contusions, bleeding, and swelling. *See id.* He claims Defendants violated the Eighth Amendment when they used excessive force on December 9th and 14th. *See id.* at 6. He requests monetary relief. *See id.* at 7.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "Frivolous claims include claims

---

[1] Plaintiff proceeds as a pauper. *See* Doc. 7.

'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Bilal*, 251 F.3d at 1349 (quoting *Neitzke*, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. *Id.* As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397,

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

401 (11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Jackson*, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the SAC, the Court must read Plaintiff's pro se allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled in part on other grounds as recognized in Randall*, 610 F.3d at 709).

Plaintiff appears to sue Defendants Dixon and UCI Warden based on their supervisory positions. *See* SAC at 6. The Eleventh Circuit has held that "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). To establish individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1047–48 (11th Cir. 2014).

> Causation "may be established and supervisory liability imposed where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." *Id.*[3] (alterations adopted) (internal quotation marks omitted). "A plaintiff can also show that the absence of a policy led to a violation of constitutional rights." *Piazza*,[4] 923 F.3d at 957. "Either way, though, to prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." *Id.* (citation omitted). And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates. *Id.* at 957–58.

---

[3] *Hartley v. Parnell*, 193 F.3d 1263 (11th Cir. 1999).
[4] *Piazza v. Jefferson Cnty.*, 923 F.3d 947 (11th Cir. 2019).

6

*Ingram v. Kubik*, 30 F.4th 1241, 1254 (11th Cir. 2022).

Here, Plaintiff has not alleged Defendants Dixon and UCI Warden personally participated in the alleged violation of his rights. He also sets forth no facts to suggest a causal connection between their actions and the incidents, such as a history of widespread abuse or the existence of a custom or policy that resulted in the alleged violations. Plaintiff asserts only that he "was told by staff [th]at [Defendant UCI] Warden [and] other supervisors had given [th]em authorization 2 [sic] do 'w[h]atever 2 [Plaintiff].'" SAC at 6. Plaintiff speculates that as a result, he was beaten. *See id.* However, speculation and conjecture, unsupported by well-pled factual allegations, do not satisfy federal pleading standards. *See Iqbal*, 556 U.S. at 679. As such, the claims against Defendants Dixon and UCI Warden are due to be dismissed without prejudice.

Therefore, it is now **ORDERED:**

1. The claims against Defendants Dixon and UCI Warden are **DISMISSED without prejudice**. The **Clerk** shall terminate them as Defendants in this case.

2. Plaintiff's claims against Defendants Reed, Rulevitch, and Watson will proceed. A separate Order will enter regarding service of process on those Defendants.

3. Plaintiff names Officer John Doe 1, Officer John Doe 2, and Officer John Doe 3 as Defendants, but provides no identifying information that would

7

allow the Court to direct service of process. In federal court, "fictitious-party pleading is not permitted." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). By **January 5, 2026**, Plaintiff shall file a notice with additional information to identify and serve the Doe-Defendants, such as full name and/or any other information that may sufficiently assist in locating the Defendants for service of process. Plaintiff's failure to comply may result in the dismissal of the claims against the Doe-Defendants in this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of December, 2025.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-9 12/4
c:   Timmy Kinner, #F91538

8